IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

v.

MATTHEW FRANK, EDWARD WALL,
JONNI SHANNON-SHARPE, SARA MASON,
DAVID GARDNER, LEBBEUS BROWN,
STACEY HOEM, ELLEN RAY, ANTHONY MELI,
SGT. MURIZEWCIE, JEROME SWEENEY,
L.J. SWANDT, and RICK RAEMISCH,

                Defendants.

OPINION and ORDER

19-cv-264-jdp

---

      Plaintiff Titus Henderson, appearing pro se, is a prisoner at Green Bay Correctional Institution. Henderson alleges that Department of Corrections officials kept him in solitary confinement at the Wisconsin Secure Program Facility for several years without any out-of-cell recreation time. He brings claims under the First and Eighth Amendments to the United States Constitution.

      Defendant Edward Wall, a former Department of Corrections secretary, has filed a motion for summary judgment. Dkt. 57. The remaining defendants, who I will refer to as the "state defendants" because they are represented by the attorney general's office, have not filed a motion for summary judgment on substantive grounds.[1] I will grant Wall's motion for summary judgment because Henderson fails to present evidence showing that Wall was personally involved in denying him recreation.

---

[1] The state defendants earlier filed a motion for summary judgment on exhaustion grounds that I denied. *See* Dkt. 51.

ANALYSIS

Henderson alleges that Wall violated his rights under the Eighth Amendment by depriving him of any out-of-cell recreation for several years while he was housed in segregation. Wall was the secretary of the Wisconsin Department of Corrections (DOC) from late 2012 to early 2016.

The Eighth Amendment protects prisoners from cruel and unusual punishment. The Court of Appeals for the Seventh Circuit has concluded that long periods without out-of-cell recreation can violate the Eighth Amendment. *See, e.g.*, *Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (inmate denied yard access for six months suffered sufficient constitutional deprivation); *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001) (denial of yard privileges for more than 90 days may be cognizable under Eighth Amendment).

Wall contends that he should be granted summary judgment because Henderson has not established that he was personally involved in any of the actions that violated Henderson's rights. Wall says that as the DOC secretary he did not supervise the day-to-day operations of individual DOC institutions, instead delegating those decisions to prison staff. In particular, he says that he was not involved in handling issues related to individual prisoners' recreation or their inmate grievances. And he says that he never personally met with Henderson.

Henderson cannot succeed on his claims against Wall just because Wall was the DOC secretary: high-level prison staff cannot be liable for constitutional claims in their individual capacities under a theory of *respondeat superior*. *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). But supervisors can be liable for a problem faced by prisoners by "facilitat[ing] it, approv[ing] it, condon[ing] it, or turn[ing] a blind eye for fear of what they might see." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

I allowed Henderson to proceed on an Eighth Amendment claim against Wall because he alleged that Wall enforced a custom or policy that contributed to depriving him of out-of-cell recreation, and that Wall authorized prison staff to falsify information in his record to justify the denial of recreation. Wall is entitled to summary judgment if he shows that Henderson lacks evidence to support an essential element on which he bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, Henderson "must set forth specific facts showing that there is a genuine issue for trial." *Id.*

I will grant summary judgment to Wall because Henderson fails to present evidence showing that Wall was aware of his long stint without out-of-cell recreation. To begin with, Henderson appears to have abandoned his claim that Wall authorized prison staff to falsify information in his record to justify the denial of recreation: Henderson doesn't mention the issue in his brief or declaration, nor does he provide any evidence about the false information or the mechanism by which he was denied recreation (which I assume would be disciplinary convictions). So I will dismiss the claim about Wall authorizing the falsification of information.

That leaves Henderson's more general claim that Wall enforced a policy or custom that denied him recreation. Although Henderson asserts a few ways in which Wall was involved in his recreation ban, Henderson fails to provide evidence that could lead a jury to find in his favor on the Eighth Amendment claim.

Henderson provides very few details explaining the conditions under which he was imprisoned at WSPF. He says that he was in segregation from 2007 to 2015 and that he was denied any out-of-cell recreation over that period. But he doesn't actually directly identify a policy or custom that caused this deprivation. As I already mentioned, he doesn't explain why

3

or how he was denied recreation time, other than alleging without evidentiary support that prison staff placed false information in his record.

In his declaration he states that Wall sent emails discussing the psychological harm that can befall inmates kept in long-term segregation. But he provides only two of these emails: an April 25, 2014 message to other state corrections secretaries and a June 26, 2014 message to various DOC staff. Dkt. 64-1 and Dkt. 64-3. In both of those messages, Wall discusses his unease with the DOC's use of segregation—for instance, as discipline for non-violent infractions—and his desire to reform how segregation is used. *Id.* But this lawsuit is not about segregation more generally; it's about Henderson's denial of out-of-cell recreation while in long-term segregation. Henderson does not provide any evidence suggesting that long-term recreation bars are ordinarily part of segregation; in fact, his allegations about false information in his record suggests that he was barred from recreation as an additional sanction to placement in segregation. So although these emails prove that Wall was aware of the DOC's segregation practices, they do not raise a reasonable inference that there was a policy imposing recreation bars on inmates in segregation or that Wall was aware that Henderson or anyone else suffered through years of segregation without out-of-cell recreation.

Henderson says that there are additional emails from Wall discussing segregation and the deprivation of recreation, but he does not provide those emails or otherwise explain how he has personal knowledge of those messages. Henderson argues that Wall's counsel did not properly respond to his discovery requests by turning over emails that he requested. But in its preliminary pretrial conference order, the court warned Henderson that discovery disputes would need to be timely raised. *See* Dkt. 24, at 10 ("If the parties do not bring discovery problems to the court's attention quickly, then they cannot complain that they ran out of time

to get information that they needed for summary judgment or for trial."). And as Henderson surely knows from his many lawsuits in this court, he can't raise discovery issues in his summary judgment briefing. If he was dissatisfied with Wall's responses to his discovery requests, he should have conferred with opposing counsel and then filed a motion to compel discovery. In any event, Henderson's vague statements about the contents of those emails do not raise a reasonable inference that he was aware of the problem at issue here: the long-term denial of out-of-cell recreation, whether it be for inmates in segregation generally, or Henderson in particular.

Henderson says that Wall was aware of his problem and condoned it because the Wisconsin Administrative Code made him the final appellate decisionmaker on inmate grievances. But as Wall explains, the DOC secretary is allowed to designate someone else to review inmate grievance appeals. *See* Wis. Admin. Code § DOC 310.03(16) ("'Secretary' means the secretary of the department or designee."). Wall says that he delegated review of grievance appeals to a designee, so he wasn't involved in reviewing any of Henderson's grievances. Henderson does not provide any evidence to dispute that, and none of the grievance materials already submitted by the parties in support of the state defendants' earlier exhaustion-based motion show that Wall reviewed any grievance appeals himself. *See* attachments to Dkt. 27; Dkt. 37-1; and attachments to Dkt. 46. So Henderson can't use his grievances to show Wall's involvement.

In his declaration, Henderson also says the following about Wall's direct involvement:

- [Sometime in January or February 2013], Ed Wall was escorted by Capt. Brown, Mason, Gardner to visit Henderson's cell Alpha Unit 101 totally naked with no bedding, clothes, hygiene, etc. as punishment.

5

- Ed Wall reviewed an approved custom + practice of using denial of all out-of-cell recreation for Henderson, even later, after Wall wrote e-mail that segregated inmates are illegally being denied recreation affecting Henderson psychologically.

Dkt. 64, at 3, ¶¶ 13–14.

As with Henderson's argument about Wall's emails regarding the use of segregation, Henderson's statement about Wall visiting him in early 2013 isn't directly related to the claims at issue in this lawsuit. The fact that Wall may have seen Henderson in his cell without bedding, clothes, and hygiene products would be relevant to a more general claim about the conditions of confinement that Henderson faced in segregation. But this case isn't about the provision of bedding, clothes, or hygiene products. Henderson does not explain why this visit would have put Wall on notice about the long-term deprivation of out-of-cell recreation, so his statement alone does not raise a reasonable inference that Wall was aware of the recreation issue.

As for Henderson's statement that Wall "reviewed and approved custom + practice of using denial of all out-of-cell recreation for Henderson," Henderson does not explain how he knows this and he doesn't provide any evidence to support this statement, so I cannot consider it. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("a court may consider only admissible evidence in assessing a motion for summary judgment"); *Watson v. Lithonia Lighting*, 304 F.3d 749 (7th Cir. 2002) (plaintiff's testimony not admissible when she did not explain how she learned about the subject of her testimony and her personal knowledge could not otherwise be reasonably inferred).

At summary judgment, the plaintiff must "put up or shut up" and "show what evidence [he] has that would convince a trier of fact to accept [his] version of events." *Johnson v. Cambridge Indus. Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citation omitted). Henderson simply

6

doesn't present any evidence that Wall knew about Henderson's lack of recreation and disregarded the problem. So I will grant Wall's motion for summary judgment and dismiss him from the case.[2] The case will proceed to trial on Henderson's claims against the state defendants.

To help Henderson prepare for trial, I will shortly issue a separate trial preparation order that provides detailed information about how trial works and how Henderson should prepare. Henderson should review the trial preparation order carefully and notify the state defendants' counsel or the court if he has specific questions about preparing for trial.

### ORDER

IT IS ORDERED that defendant Wall's motion for summary judgment, Dkt. 57, is GRANTED. WALL is DISMISSED from the case.

Entered January 8, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[2] Wall also contends that he is entitled to qualified immunity. Because I am dismissing Henderson's claims against Wall on substantive grounds, I need not consider Wall's qualified immunity argument.