IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

    Plaintiff,

v.

MATTHEW FRANK, *et al.*,

    Defendants.

ORDER

19-cv-264-jdp

---

Plaintiff Titus Henderson, appearing pro se, currently is a prisoner at Green Bay Correctional Institution. In this lawsuit, Henderson alleges that Wisconsin Department of Corrections officials kept him in solitary confinement at the Wisconsin Secure Program Facility for several years without any out-of-cell recreation time. He brings claims under the First and Eighth Amendments to the United States Constitution. There are several matters before the court:

**I. Motion to Compel**

I previously struck the schedule and stated that the trial date and corresponding pretrial submissions deadlines would be reset after the parties' current discovery dispute was resolved. Dkt. 103. More specifically, Henderson had not responded to defendants' motion to compel responses to their interrogatories and their requests for production of documents, dkt. 100. I gave Henderson a chance to respond to defendants' motion and to show cause why the court shouldn't dismiss the case for his failure to prosecute the case by responding to discovery requests or the following motion to compel, dkt. 103.

Henderson responded by asserting that prison staff, opposing counsel, and the clerk of this court have blocked him from sending or receiving mail. He also discusses an alleged scheme "to influence favorable court decisions" in this court "based on known false affidavits and white

skin of federal judges"; Henderson states that DOJ attorneys have offered prisoners transfers to general population or other prisons in return for lying in affidavits, dkt. 108. Many of Henderson's allegations are vague or conclusory. His allegations about this court's judges and the court's clerk are unfounded: his dissatisfaction with court rulings in this and other cases do not establish that judicial officers or other court employees are biased against him. And they're not: all actions and decisions by this court in this case have been based on the facts, the law, and the applicable rules. Henderson's unsupported allegations against DOJ lawyers are difficult to believe, but regardless, they do not relate to the issue at hand: Henderson's failure to respond to defendants' discovery requests.

In short, Henderson's allegations do not support a plausible argument that the court or opposing counsel is blocking his access to the court. That being so, I am aware from other litigation that Henderson has had some difficulty with the mail that he perhaps blames on prison staff. He has had some documents rejected for efiling by the prison library because his crayon-written submissions won't be accepted for being too faint for the scanner. *See Henderson v. Jess*, No. 18-cv-713-jdp, 2022 WL 843850, at *1 (W.D. Wis. Mar. 22, 2022). And Henderson submitted a notice of rejection of some incoming mail for his failure to consent to prison staff opening his mail, dkt. 110-1. I take that rejection to be part of a recent spate of widespread mail rejections that occurred after the DOC revamped its consent procedures. That issue had nothing to do with Henderson personally and it appears now to be resolved. Again, none of this suggests that prison officials, opposing counsel, or the court is blocking Henderson from litigating this case. If Henderson has issues with incoming or outgoing mail, then he may

contact the court about it, but he should refrain from asserting that government officials are conspiring to harm him unless he can support those assertions with evidence.

In any event, Henderson quickly followed his initial submissions by filing responses to defendants' discovery requests, dkt. 109. In light of these responses, I will deny defendants' motion to compel without prejudice. But defendants may not be satisfied with Henderson's objections to most of their requests for production of documents: Henderson says that prison officials have control of most of these files despite Henderson having received hundreds of pages of documents from defendants in response to his own discovery requests, in addition to the documents that he might otherwise already have possessed.

I will give defendants an opportunity to respond to this order by explaining with particularity whether they'd like to renew their motion to compel regarding each of their requests. Once discovery issues are resolved a new pretrial-submission schedule will be set.

## II. Request for Bench Trial

Henderson requests a bench trial, dkt. 104 and dkt. 111, but defendants have already demanded a jury trial, *see* dkt. 23, which is their right. I will deny Henderson's requests without prejudice. But I will give defendants a short time to respond, stating whether they will waive a jury trial at this point.

## III. Settlement Offer

Henderson he states that he sent counsel a settlement offer but got no response; he asks the court to order defendants to engage in settlement talks or mediation with him. This court will not force the parties in any civil lawsuit to mediate, or even to respond to a settlement offer

if they don't want to. If *both* sides are interested in mediation, then they should contact the clerk of court to arrange a conference.

## IV. Subpoenas

Henderson ask the clerk to issue subpoenas for 19 individuals for trial, some of whom are the defendants, dkt. 104. Henderson might not need to subpoena the defendants; once a new trial date is set, the court will ask the defendants will to confirm that they will be present during the trial to testify.

I will deny Henderson's requests for the other individuals because they do not comply with the procedures attached to the preliminary pretrial conference order in this case, *see* attachment to dkt. 24. For most of the witnesses, Henderson does not explain what they will be testifying about. That is particularly important in this case, because the court will not allow cumulative or irrelevant testimony at trial. Henderson will have to proffer what testimony he expects from each of these witnesses so that the court can make preliminary determinations on these concerns.

Also, Henderson has not submitted a declaration stating that the witnesses have refused to testify voluntarily, or, if they have declined to do so, that he is prepared, for his proposed unincarcerated witnesses, to tender to the U.S. Marshals Service or other individual serving the subpoena a check or money order made payable to the witness covering the required witness fees.

For Henderson's reference, the witness rate is $40 per day for each witness who declines to testify voluntarily. If the witnesses are traveling to Madison, then Henderson also must pay mileage at the rate of $0.655 per mile. (Henderson may be able to avoid paying mileage if he

4

makes arrangements for the witnesses to testify by videoconference, but he still would have to pay the $40 witness fee.) The court cannot waive these fees for an indigent litigant. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987).

These instructions are set forth in Judge Peterson's trial procedures, which are attached to this order. Henderson is instructed to review these procedures and resubmit his subpoena requests, making sure to comply with these procedures.

ORDER

It is ORDERED that:

(1) Defendants' motion to compel discovery, dkt. 100, is DENIED without prejudice. Defendants may have until March 7, 2023, to renew their motion regarding plaintiff's latest responses.

(2) Plaintiff's motions for a bench trial, dkt. 104 and dkt. 111, are DENIED without prejudice. Defendants may have until March 7, 2023, to inform the court whether they agree to a bench trial.

(3) Plaintiff's motion for defendants to engage in settlement discussions, dkt. 111, is DENIED.

(4) Plaintiff's request for subpoenas, dkt. 104, is DENIED without prejudice.

Entered this 21st day of February, 2023.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge