IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TITUS HENDERSON,

                Plaintiff,

v.

MATTHEW FRANK, JONNI SHANNON-SHARPE,        ORDER
SARA MASON, DAVID GARDNER,
LEBBEUS BROWN, STACEY HOEM, ELLEN RAY,        19-cv-264-jdp[1]
ANTHONY MELI, SGT. MURIZEWCIE,
JEROME SWEENEY, L.J. SWANDT,
and RICK RAEMISCH,

                Defendants.

---

I have set a videoconference evidentiary hearing for February 14, 2024, at 12:30 p.m., to address plaintiff Titus Henderson's contention that that the assistant attorneys general representing the state defendants have ordered prison staff to confiscate or destroy his legal materials and other evidence. Henderson moves for default judgment as a sanction; the state defendants seek sanctions against Henderson for lying about counsel. This order addresses the parties' pre-hearing filings.

Henderson's motion for default judgment as a sanction is premised in part on assertions that searches of his cell were carried out from March 12–14, 2023, at which point his legal materials were confiscated. Henderson seeks video footage of those searches. I directed Henderson to explain precisely what times during this timeframe the searches were carried out,

---

[1] All docket citations are to Case No. 19-cv-264-jdp unless otherwise noted. The clerk of court is directed to also enter this order in Case Nos. 21-cv-346-jdp; 21-cv-347-jdp; and 21-cv-562-jdp.

and I directed the state defendants to inform the court whether there is video footage for those searches. Dkt. 145, at 5.

Henderson has responded, but not with precise times regarding the cell searches: he states that his property was confiscated between 1:00 p.m. on March 11 and 6:00 p.m. on March 14. Dkt. 146. The state defendants explain that Henderson wouldn't know the precise times that anyone entered his general population cell during this timeframe because he was taken to temporary lockup at 1:00 p.m. on March 11 and he stayed there during the relevant time period. In any event, the state defendants explain that prison staff retained no relevant video from this time period. Dkt. 147. But they agree that Henderson's property was removed from his general population cell, with some of it returned to Henderson at his new placement in segregation and the rest of it stored; the state defendants continue to deny that they destroyed his legal materials or that counsel directed them to do so. *Id.* Defendants provide a declaration from complaint examiner Alan DeGroot stating that he viewed video from Henderson's cell in response to his grievance about property being lost or stolen in the transfer, but the video only showed Henderson's property on a cart, and DeGroot didn't preserve the video. Dkt. 148. In summary, there's isn't any additional video footage to be shared with Henderson or shown at the hearing (the state defendants do plan to show video from April 5, 2024, the date that Henderson states he conversed with counsel).

I directed the parties to submit the list of witnesses and other evidence that they intend to produce at this hearing. The parties have largely done so, with the exception of a witness list from Henderson. Instead, Henderson has filed a motion to subpoena various people, mostly prison officials. Dkt. 157. I will deny that motion. The state already says that it will call DeGroot, Adam Whiting, Kristina Cortes, and Alejandra Mejia, all of whom Henderson says

in his response to my previous order made explicit statements to him that they were ordered to destroy or tamper with his legal property. That brings the total list of witnesses to 11. Henderson seeks to subpoena seven additional people, none of whom were mentioned in his previous declarations other than Officer Reigner, whom Henderson states helped remove his property from his cell. Henderson doesn't explain how any of these proposed witnesses would provide non-cumulative testimony necessary to resolve the matters before me. So I will not direct the clerk of court to issue subpoenas for any of these proposed witnesses.

I wish to remind the parties that I have budgeted an afternoon to take the evidence necessary to resolve the parties' motions for sanctions. With a witness list of 11, the parties will need to work efficiently and avoid presenting cumulative evidence.

### ORDER

IT IS ORDERED that plaintiff Titus Henderson's motion for issuance of subpoenas, Dkt. 157, is DENIED.

Entered February 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge